FILED
2017 Aug-25 PM 05:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **CANDICE PARSONS, an individual,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| V. | ) **Case No.:**<br>)<br>) |
| **CHI OVERHEAD DOORS, INC., and STEPHEN JOSEPH VONDERHEIDE,** | )<br>)<br>)<br>) |
| | ) **JURY DEMAND** |
| Defendants. | )<br>) |

## COMPLAINT

COMES NOW the Plaintiff, Candice Parsons ("Plaintiff"), by and through undersigned counsel, in the above captioned cause and states her Complaint as follows:

### I. PARTIES AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1332(a) because diversity exists amongst the parties and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiff Candice Parsons is a resident citizen of St. Clair County, Alabama, and is over the age of nineteen (19) years.

3. Defendant C.H.I. Overhead Doors, Inc. (hereinafter "CHI"), is believed to be a corporation organized and operating its principal place of business in Douglas County, Illinois. At all times relevant hereto, CHI was the employer and/or master of Defendant, Stephen Joseph Vonderheide.

4. Defendant Stephen Joseph Vonderheide (hereinafter "Vonderheide"), is believed to be over the age of nineteen (19) years and believed to be a resident of Shelby County, Illinois. At all times relevant hereto, Vonderheide was an agent, servant, and/or employee of CHI and was acting within the line and scope of his employment or agency.

5. Venue is proper in the Middle Division of the Northern District of Alabama because the events, acts, and/or omissions complained of herein occurred in St. Clair County, Alabama,

## II. STATEMENT OF FACTS AND CLAIMS

6. Plaintiff adopts and incorporates paragraphs one (1) through five (5) above as if fully set forth herein.

7. On or about August 26, 2015, Plaintiff, Candice Parsons was driving a car and heading west in the middle lane of the I-20 three-lane interstate.

8. Vonderheide was operating an 18-wheeler tractor trailer and traveling in front of Plaintiff in the middle lane. Vonderheide changed lanes and moved into the right lane.

2

9. Plaintiff proceeded in the middle lane when Vonderheide negligently, recklessly, and/or wantonly jerked the 18-wheeler tractor trailer he was driving back into the middle lane, slamming the back-left corner of his 18-wheeler tractor trailer into the front-right corner of Plaintiff's car shoving Plaintiff's car into the interstate median wall and sending it spinning back across all three lanes into the ditch and into a tree.

10. Vonderheide left the scene of the wreck and continued driving his truck until it was no longer visible.

11. As a proximate consequence of said collision, Plaintiff sustained severe and permanent physical injuries, including a broken bone for which she underwent surgery, whiplash, severe headaches, past and future medical expenses, loss of wages, loss of earning capability, past and future physical pain and suffering, mental anguish, and other injuries.

**COUNT I: RECKLESS, NEGLIGENT, AND WANTON CONDUCT**

12. Plaintiff adopts and incorporates paragraphs one (1) through eleven (11) above as if fully set forth herein.

13. Vonderheide had a duty to exercise reasonable care in the operation of the 18-wheeler tractor trailer he was driving.

14. At the time and place of the wreck, Vonderheide, individually and in his capacity as an agent, representative, and/or employee of CHI, wrongfully caused

or allowed the 18-wheeler tractor trailer he was operating to collide into Plaintiff's car.

15. Vonderheide breached his duty to Plaintiff and was negligent, reckless, wanton, and/or in violation of certain rules of the road and/or interstate or intrastate trucking regulations.

16. At said time and place, Vonderheide was acting within the line and scope of his employment, agency, and/or authority with CHI. CHI is vicariously liable for the actions of Vonderheide.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants, separately and severally, for compensatory and punitive damages in an amount exceeding $75,000.00, exclusive of interest and costs, as determined by the jury that hears this matter and as supported by the facts and allowed by the law; plus costs herein.

**COUNT II: NEGLIGENT ENTRUSTMENT OF MOTOR VEHICLE**

17. Plaintiff adopts and incorporates paragraphs one (1) through sixteen (16) above as if fully set forth herein.

18. Plaintiff avers that Defendant CHI owned, exerted control, and/or maintained custody of the truck involved in this wreck. CHI negligently entrusted the truck to Vonderheide, who was incompetent, untrained, or otherwise unqualified to operate the truck.

4

19.     Defendant CHI knew or, or should have known by the exercise of reasonable care, that Vonderheide was incompetent, untrained, incapable or otherwise unqualified to operate the vehicle. Yet, with said knowledge, CHI allowed and permitted Vonderheide to operate the truck owned, leased and/or controlled by CHI.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against CHI for compensatory and punitive damages in an amount exceeding $75,000.00, exclusive of interest and costs, as determined by the jury that hears this matter and as supported by the facts and allowed by the law; plus costs herein.

## COUNT III:
## RECKLESS, NEGLIGENT & WANTON HIRING, TRAINING AND/OR SUPERVISION

20.     Plaintiff re-avers paragraphs one (1) through sixteen (16) above as if set out in their entirety in this count.

21.     Defendant CHI had a duty to hire, train, supervise, monitor and retain responsible drivers to carry out its business.

22.     Said duty includes, without limitation, ascertaining the qualifications, skills and abilities of its drivers, training its drivers or otherwise assuring they are competent, and monitoring the driver's performance to ensure that the company's business is being carried out in a safe and proper manner by its drivers, servants, agents, representatives and/or employees.

23. Defendant CHI recklessly, negligently and/or wantonly breached this duty by failing to properly hire, train, monitor, supervise, maintain, and/or retain competent and responsible drivers, servants, employees or representatives to operate vehicles in the course of their business activities. Further, CHI recklessly, negligently and/or wantonly breached its duty to promptly investigate, ascertain and determine the skills, abilities, and/or conduct of and/or train its drivers, servants, employees and/or representatives to properly drive and operate the trucks used to further its business.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against CHI for compensatory and punitive damages in an amount exceeding $75,000.00, exclusive of interest and costs, as determined by the jury that hears this matter and as supported by the facts and allowed by the law; plus costs herein.

Respectfully Submitted,

**/s/ Charles J. Lorant**
Charles J. Lorant (asb-6465-o76c)
Attorney for Plaintiff

**OF COUNSEL:**
LORANT LAW GROUP
P.O. Box 660465
Birmingham, Alabama 35266
(P)   205-208-0520
(F)   205-208-0521
clorant@lorantlawgroup.com

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

6

                                **/s/ Charles J. Lorant**
                                OF COUNSEL

Plaintiff requests this Honorable Court to serve this Summons and Complaint via Certified U.S. Mail upon each named Defendant below:

| | |
|---|---|
| C.H.I. Overhead Doors, Inc.<br>c/o Registered Agent<br>Tisha L. Pfeiffer<br>1485 Sunrise Drive<br>Arthur, Illinois 61911 | Stephen Joseph Vonderheide<br>429 East Main Street<br>Stewardson, Illinois 62463 |

                                **/s/Charles J. Lorant**
                                OF COUNSEL